E-FILED
Monday, 06 July, 2026  12:32:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

THOMAS POULSEN,                     )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )          1:26-cv-01217-MMM
                                    )
CHRISTOPHER FORD,                   )
                                    )
                 Defendant.         )

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, previously held at the Fulton County Jail, asserts claims for excessive use of force against Defendant. Plaintiff was a post-conviction detainee at the time of the allegations, so his claims are governed by Eighth Amendment cruel and unusual punishment standards.

A. Motion to Request Counsel

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007). The Court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's intellectual capacity and psychological history (if information on those topics is before the court). *Id.*

Page **1** of **4**

Plaintiff has not demonstrated a reasonable attempt to secure counsel. He says he wrote and called multiple attorneys, but he does not say when, who, and whether his requests were specific to this lawsuit (he is pursuing two suits in the Central District presently). Plaintiff first must make a reasonable request to several attorneys, specific to this case. To prove that to the Court he should provide copies of letters sent asking for help with this specific case, and an affidavit regarding when he sent the letters and the responses received (or the lack of response after a reasonable period, perhaps a month, passes after he sends the letters.

Plaintiff's motion to request counsel is denied. He may renew his motion later in the case if he encounters difficulties after documenting a reasonable search for counsel specific to this lawsuit.

B. <u>Merit Review</u>

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Also, courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid, or if the Prison Litigation Reform Act does not apply to the case. 28 U.S.C. § 1915(d)(2). So the Court reviews the pleadings before directing service, to ensure that there is federal claim alleged and that the action is not frivolous or malicious.

Plaintiff names as Defendant Lieutenant Christopher Ford, of Fulton County Jail.

On January 2, 2026, at about 8 a.m., Defendant jumped in Plaintiff's face and pushed him, while Plaintiff was in handcuffs and leg restraints. There was no reason for Defendant to do this. It almost caused Plaintiff to fall to the ground, and if he had fallen, he could have hit his head or re-injured his shoulder.

The complaint does not state a claim.

First, Plaintiff does not allege that he was in fact injured. Under the Eighth Amendment, prison officials may not use excessive physical force against prisoners. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "The use of force qualifies as excessive" for Eighth Amendment purposes "when it entails the 'unnecessary and wanton infliction of pain.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667 (7th Cir. 2012) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Significant injury" is not a threshold requirement for stating an excessive force claim, but still, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9; *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

Second, to state a plausible claim Plaintiff must allege some harm as an essential element of a constitutional tort. The pleadings here are speculative as to any harm to Plaintiff. "…Under tort principles applicable in § 1983 actions, a plaintiff must show that he has suffered an actual present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by a defendant.'" *Roe v. Elyea*, 631 F.3d 843, 864 n.19 (7th Cir. 2011) (cleaned up).

For both reasons, Plaintiff's allegations do not state a plausible claim for relief.

IT IS THEREFORE ORDERED:

1.  **The Complaint does not state a claim for relief. Plaintiff has 28 days to file a motion for leave to amend with an attached proposed amended complaint if he believes he can amend his allegations in good faith and state a claim for relief. If he does not timely amend, or if the proposed amended complaint still does not state a claim, this action will be dismissed with prejudice for failure to state a claim.**

2.  **Plaintiff's Motion to Request Counsel [5] is DENIED.**

3.  **Plaintiff has been released from custody and has updated his address. But he has not provided a current phone number. The Court must be able to contact Plaintiff by phone. Plaintiff must file a current phone number within 14 days of this order, or the case will be subject to dismissal without further notice, for failure to comply with court orders.**

Entered this 6th day of July, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE